PROB 12C
(12/04)

FILED
DISTRICT COURT OF GUAM
DEC - 5 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

for

District of Guam

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Gregory L. Brub aka Gregory Chaco    Case Number: 02-00037-001

Name of Sentencing Judicial Officer: John S. Unpingco

Date of Original Sentence: October 7, 2003

Original Offense: Counterfeiting U.S. Currency, in violation of Title 18, U.S.C. § 471

Original Sentence: Twelve months plus one day imprisonment followed by three years of supervised release with conditions that the defendant: obey all federal, state, and local laws; comply with the standard conditions of probation; refrain from the use or possession of illegal controlled substances, and submit to one urinalysis within 15 days of release and two more thereafter; refrain from the use of alcohol; undergo a substance abuse and mental health assessment and participate in drug testing and treatment if determined to be necessary; obtain and maintain gainful employment; refrain from inncurring any new lines of credit or debts without permission; submit financial statments upon request; allow random searches on personal computer, hardware and software; perform 300 hours of community service, and pay a special assessment fee of $100.

Type of Supervision: Supervised Release    Date Supervision Commenced: February 3, 2005

Assistant U.S. Attorney: Marivic David    Defense Attorney: Federal Public Defender

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| Standard Condition | Failure to follow the instructions of the probation officer. |
| Special Condition | Failure to participate in a substance abuse program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse. |
| Special Condition | Failure to obtain and maintain gainful employment. |
| Standard Condition | Failure to notify the probation officer of a change in employment. |

ORIGINAL

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition submitted by*
*U.S. Probation Officer Specialist Carmen D. O'Mallan*

Reviewed by:

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer
Date: 12/2/05

Reviewed by:

MARIVIC DAVID
Assistant U.S. Attorney
Date: 12/2/05

I declare under penalty of perjury that the foregoing is true and correct.

CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Executed on: 12/2/05

THE COURT ORDERS:

[ ] No action.
[ ] The issuance of a warrant.
[✓] The issuance of a summons.
[ ] Other

RECEIVED
DEC - 2 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
12/5/2005
(Date)

ORIGINAL

# VIOLATION WORKSHEET

1. Defendant **GREGORY L. BRUB aka GREGORY CHACO**

2. Docket Number (Year-Sequence-Defendant No.) **CR 02-00037-001**

3. District/Office **Guam**

4. Original Sentence Date **10** / **07** / **03**
                           month   day   year

(If different than above):

5. Original District/Office **N/A**

6. Original Docket Number (Year-Sequence-Defendant No.) **N/A**

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to follow the instructions of the probation officer. | C |
| • Failure to participate in a mental health and substance abuse program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse. | C |
| • Failure to obtain and maintain gainful employment. | C |
| • Failure to notify the probation officer of a change in employment. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **C**

9. Criminal History Category (see §7B1.4(a)) — **I**

10. Range of Imprisonment (see §7B1.4(a)) — **3 to 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:02-cr-00037    Document 30-2    Filed 12/05/2005    Page 3 of 7

Defendant: **Gregory L. Brub aka Gregory Chaco**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | _____ | Community Confinement | _____ |
    | Fine ($) | _____ | Home Detention | _____ |
    | Other | Special Assessment - $75 | Intermittent Confinement | _____ |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to __N/A__ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:   **27 - 33**

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)):   _____ months   _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00037   Document 30-2   Filed 12/05/2005   Page 4 of 7

# UNITED STATES DISTRICT COURT
## FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| United States of America<br>    Plaintiff,<br><br>vs.<br><br>BRUB, Gregory L. aka Gregory Chaco<br>    Defendant. | ) CRIMINAL CASE NO. 02-00037-001<br>)<br>)<br>) DECLARATION IN SUPPORT OF PETITION<br>)<br>)<br>)<br>)<br>) |

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Salvador B. Jasmin, and in that capacity declare as follows:

On October 7, 2003, Gregory Brub was sentenced to twelve months and one day imprisonment and three years supervised release for the offense of Counterfeiting U.S. Currency in violation of 18 U.S.C. § 471. Mr. Brub's term of supervised release commenced on February 3, 2005. He is alleged to have violated the following conditions of supervision:

**Standard Condition**: *The defendant shall follow the instructions of the probation officer.* Mr. Brub has been instructed to report to the probation officer for compliance meetings following his failure to appear for counseling and drug testing. He failed to report for compliance meetings on October 10, 14, and 17, 2005, and November 11, 14, 18, 21, 25, and 28, 2005.

**Special Condition**: *The defendant shall participate in a mental health and substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse or use, and that the defendant make a co-payments for any such treatment at a rate to be determined by the U.S. Probation Office.* Mr. Brub failed to report for urinalysis on October 8, and 16, 2005, and November 11, 19, 23, and 27, 2005. He also failed to appear for counseling sessions on October 13, 2005, and November 10, and 17, 2005.

Declaration in Support of Petition
Re: BRUB, Gregory L. aka Gregory Chaco
USDC Cr. Cs. No. 02-00037-001
December 2, 2005
Page 2

**Special Condition:** *The defendant shall obtain and maintain gainful employment.* Mr. Brub was employed as a security officer for Pacific Island Security Agency and resigned on November 23, 2005, to take on a full time job as a Warehouseman for Payless Markets earning $5.38 per hour. The Human Resources Manager for the company, Janet Pineda, stated that Mr. Brub was terminated on November 28, 2005 for failing to show up to work as scheduled. She related that he was hired on November 18, 2005, and commenced working on November 21, 2005. He failed to show up for work on November 22, 26, and 28, 2005 without any notice to the company.

**Standard Condition:** *The defendant shall notify the probation officer at lease ten days prior to any change in employment or residence.* Mr. Brub failed to notify this officer that he was resigning from his position as a Security Officer with Pacific Island Security or that he ceased working for Payless Markets.

**Supervision Compliance:** Mr. Brub is currently living with his mother, Vivian Brub, his sister, Jo Patao, and his sister's spouse and three minor children. His mother and sister both reported on November 28, 2005, that it has become increasingly difficult to live with Mr. Brub. They related that he has been moody and is often verbally hostile to family members. Ms. Brub related that she has become threatened by her son who often yells at her and refuses to contribute to the household living expenses. Ms. Brub expressed that she fears her son is using illegal drugs, and does not want him to live with her as he poses a threat to her and her grandchildren. Mr. Brub's sister, Jo Patao, also expressed concern about the significant behavioral change in her brother within the last three weeks. She related that her brother is mean to their mother and often responds to her in anger.

Mr. Brub has two minor children, Summer Lee and Mason Lee Brub, who are under the care of his former girlfriend, Jenny Petrache. The relationship between Mr. Brub and Ms. Petrache is hostile at this time, and he has not had any contact with his children since August 2005. Mr. Brub has been advised on numerous occasions to seek legal counsel if he wants to pursue custody or have any visiting rights with his children.

Mr. Brub is enrolled in the year-long substance abuse testing and treatment program under the direction of the Probation Office. This program consists of two individual drug counseling sessions per month and six random urinalyses per month. He also has a mental health condition and is receiving two psychotherapy sessions per month. Since the latter part of July 2005, Mr. Brub began to have difficulty keeping his urinalysis and counseling appointments, stating that he had difficulty securing transportation. He was returned to the start of the drug testing and treatment program twice for non-compliance with the program policies and procedures relative to his attendance. Comments from the treatment provider have been that there has been minimal change in Mr Brub since his release from prison and that his compliance with the program remains marginal.

Declaration in Support of Petition
Re: BRUB, Gregory L. aka Gregory Chaco
USDC Cr. Cs. No. 02-00037-001
December 2, 2005
Page 3

Mr. Brub completed his 300 hours of community service. He has a special assessment fee balance of $75.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a warrant for Gregory Brub to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18, U.S.C. § 3583.

Executed this 2nd day of December 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc: Marivic David, AUSA
    Federal Public Defender
    File