PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
## for
## District of Guam

**FILED**
DISTRICT COURT OF GUAM
JUN 22 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Gregory L. Brub aka Gregory Chaco**        Case Number: **CR 02-00037-001**

Name of Sentencing Judicial Officer: John S. Unpingco

Date of Original Sentence: October 7, 2003

Original Offense: Counterfeiting U.S. Currency, in violation of Title 18, U.S.C. § 471

Original Sentence: Twelve months plus one day imprisonment followed by three years of supervised release with conditions that the defendant: obey all federal, state, and local laws; comply with the standard conditions of probation; refrain from the use or possession of illegal controlled substances, and submit to one urinalysis within 15 days of release and two more thereafter; refrain from the use of alcohol; undergo a substance abuse and mental health assessment and participate in drug testing and treatment if determined to be necessary; obtain and maintain gainful employment; refrain from incurring any new lines of credit or debts without permission; submit financial statements upon request; allow random searches on personal computer, hardware and software; perform 300 hours of community service, and pay a special assessment fee of $100. **Modified** on January 18, 2006, to include an additional 75 hours of community service for noncompliance.

Type of Supervision: Supervised Release        Date Supervision Commenced: February 3, 2005
Assistant U.S. Attorney: Marivic David        Defense Attorney: Federal Public Defender

## PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| Special Condition | *Failure to refrain from using a controlled substance.* |
| Special Condition | *Failure to perform community service at a rate of not less than 10 hours per month.* |

**ORIGINAL**

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition submitted by*
*U.S. Probation Officer Specialist Carmen D. O'Mallan*

Reviewed by:

*[signature]*

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

Date: JUNE 16, 2006

Reviewed by:

*[signature]*

MARIVIC DAVID
Assistant U.S. Attorney

Date: 6/19/06

I declare under penalty of perjury
that the foregoing is true and correct.

*[signature]*

CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Executed on: 6/14/06

THE COURT ORDERS:

[ ] No action.

[ ] The issuance of a warrant.

[X] The issuance of a summons.

[ ] Other

*[RECEIVED stamp: JUN 21 2006, DISTRICT COURT OF GUAM, HAGATNA, GUAM]*

*[signature]*
Signature of Judicial Officer

June 22, 2006
Date

# VIOLATION WORKSHEET

1. Defendant **GREGORY L. BRUB aka GREGORY CHACO**
2. Docket Number (Year-Sequence-Defendant No.) **CR 02-00037-001**
3. District/Office **Guam**
4. Original Sentence Date **10 / 07 / 03** (month / day / year)

(If different than above):

5. Original District/Office **N/A**
6. Original Docket Number (Year-Sequence-Defendant No.) **N/A**
7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to refrain from using a controlled substance. | C |
| • Failure to perform community service at a rate not less than 10 hours per month. | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**
9. Criminal History Category (see §7B1.4(a))  **I**
10. Range of Imprisonment (see §7B1.4(a))  **3 to 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:** United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00037    Document 42    Filed 06/22/2006    Page 3 of 6

Defendant: __Gregory L. Brub aka Gregory Chaco__

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution ($) _____    Community Confinement _____

    Fine ($) _____           Home Detention _____

    Other  Special Assessment - $75   Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to __N/A__ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: __27 - 33__

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00097 Document 42  Filed 06/22/2006  Page 4 of 6

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | |
|---|---|
| United States of America ) | CRIMINAL CASE NO. 02-00037-001 |
| Plaintiff, ) | |
| ) | |
| ) | DECLARATION IN SUPPORT OF PETITION |
| vs. ) | |
| ) | |
| BRUB, Gregory L. aka Gregory Chaco ) | |
| Defendant. ) | |
| ) | |

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Gregory L. Brub, and in that capacity declare as follows:

On October 7, 2003, Gregory Brub was sentenced to twelve months and one day imprisonment and three years supervised release for the offense of Counterfeiting U.S. Currency, in violation of 18 U.S.C. § 471. Mr. Brub's term of supervised release commenced on February 3, 2005. He is alleged to have violated the following conditions of supervision:

**Special Condition**: *The defendant shall not use or possess illegal controlled substances.* Mr. Brub tested presumptive positive for THC on May 30, 2006. He denied using any controlled substance and the specimen was forwarded to Scientific Testing Laboratories, Inc. for confirmation. Laboratory analysis received on June 7, 2006, was positive for cannabinoids Delta-9-carboxy-THC (marijuana).

**Special Condition:** *The defendant shall perform 75 hours of community service. Defendant shall perform no less than 10 hours per month and shall provide the U.S. Probation Office with written documentation from the person or entity for whom the work was performed.* Mr. Brub was processed for community service which commenced on March 12, 2006. To date, he has performed 24 hours of community service.

**Supervision Compliance:** Mr. Brub is currently living with his mother, Vivian Brub, his sister, Jo Patao, and her spouse and three minor children. The family will be terminating their lease on June 17, 2006, and moving out of the apartment they share. Mr. Brub will be homeless at that time. He is gainfully employed as a food service handler with the Navy Exchange Compass, Guam, earning approximately $750.00 to $1,000.00 per month.

Mr. Brub is enrolled in the year-long substance abuse testing and treatment program under the direction of the Probation Office. His treatment program consisted of four counseling sessions and six urinalyses per month. An additional four counseling sessions were added on April 24, 2006 to address Mr. Brub's relationship problems with his family and girlfriend. On May 4, 2006, and June 5, 2006, Mr. Brub was returned to the start of the year long treatment program for non-compliance with the program policies and procedures relative to his attendance.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a summons for Gregory Brub to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18, U.S.C. § 3583.

Executed this 16th day of June 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc:   Marivic David, AUSA
      Federal Public Defender
      File